UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE INDUSTRIES, INC., a
Florida corporation,

     Plaintiff,

                                             Case No.:

v.

WELDON INDUSTRIES, INC., a
Florida corporation,

     Defendants.

_____/

## COMPLAINT

Plaintiff, Nationwide Industries, Inc. ("**Nationwide**") sues Defendant, Weldon Industries, Inc. ("**Weldon**") and alleges:

## NATURE OF THE ACTION

1. Nationwide's claims arise under the patent laws of the United States, Title 35, United States Code, the Lanham Act, Title 15, United States Code, and Florida statutory and common law.

## PARTIES

1. Nationwide is a Florida corporation with its principal place of business at 10333 Windhorst Road, Tampa, Florida 33637.

2. Weldon is a Florida corporation with its principal place of business at 4914 Joanne Kearney Blvd., Tampa, Florida 33619.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338 and 1367.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c).

5.      This Court has personal jurisdiction over Weldon.  Weldon has submitted to personal jurisdiction in this Court because, *inter alia*, it resides and is transacting business in this judicial district.

**FACTUAL BACKGROUND**

**I.      Nationwide's Business:**

6.      For over twenty (20) years, Nationwide has been a leading designer and manufacturer of quality hardware and components for the building materials industry. Nationwide's products include fencing and railing hardware, window and door components, storm and screen door products, and custom design and manufacturing services.  Nationwide's products range from simple components to high tech solutions and involve a wide range of materials, including steel, aluminum, stainless steel, brass, plastics and die castings.

7.      One of the cornerstones of Nationwide's business is its line of gate hinges.

**II.     Weldon's Business:**

8.      Weldon is also in the business of manufacturing and distributing fencing materials, including gate hinges.

9.      Weldon markets itself as "the industry leader for hardware in chain link, vinyl, wood, aluminum, and steel ornamental fencing hardware" and as a "one stop source for all hardware needs in the fencing industry."

## III.  **Market Competition**:

10.     Nationwide and Weldon are competitors in the fencing hardware industry.  The competition between Nationwide and Weldon is further enhanced by their geographic proximity, with both entities headquartered in Tampa, Florida.

## IV.  **Weldon's False and Deceptive Marking of its Products**:

11.     Weldon publishes a number of catalogs for its products, which are available to the public and accessible on its website, including a chain link fencing catalog.  In its catalogs and other marketing materials, Weldon advertises a number of gate hinges, including Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505 and WI-1022-16, as having "patent pending" status.

12.     The "patent pending" designation of these products in the Weldon catalogs and marketing materials dates back to at least 2009, as evidenced by the representative samples of Weldon's catalogs and marketing materials attached hereto as Composite Exhibit "A" and incorporated herein by reference.  Similar designations appear in Weldon's 2013 Chain Link Hardware Catalog, excerpts of which are attached hereto as Exhibit "B" and incorporated herein by reference.  Upon information and belief, these marketing materials, or similar marketing materials, continue to be used by Weldon.

13.     Upon information and belief, any patent application that would have supported a "patent pending" designation of these products in 2009 would have been concluded before 2015.

14.     Upon information and belief, Weldon marks certain products, specifically the Weldon Part No. WI-60** series hinges, with "Patent D624388."  Photographs of a representative Weldon Part No. WI-60** series hinge with the marking "Patent D624388" are attached hereto as Composite Exhibit "C" and incorporated herein by reference.   A representative sample of

Weldon's marketing materials related to the Weldon Part No. WI-60** series hinges is attached hereto as Exhibit "D" and incorporated herein by reference.

15. The designs of the Weldon Part No. WI-60** series hinges marked "Patent D624388" differ substantially from the design of the product identified in the schematics for U.S. Patent No. D624388 ("**388 Patent**") on file with the Unites States Patent and Trademark Office. A true and correct copy of the 388 Patent is attached hereto as Exhibit "E" and incorporated herein by reference.

16. On April 10, 2015, Nationwide, through counsel, sent correspondence to Weldon requesting that it substantiate the "patent pending" designation of its gate hinges, including Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505 and WI-1022-16, and the marking of the Weldon Part No. WI-60** series hinges with "Patent D624388" or, alternatively, cease and desist using the "patent pending" designation and the "Patent D624388" marking. To date, Weldon has not provided such substantiation and, upon information and belief, continues to use the false marking in connection with the marketing and sale of its products.

**V.  Weldon's Infringement:**

17. Nationwide holds an exclusive license to use U.S. Patent No. 5,715,574 (the "**574 Patent**"), pursuant to a Patent License Agreement with Delair Group, LLC dated January 1, 2012 (the "**License Agreement**"). The License Agreement also provides that Nationwide has the exclusive right to enforce the 574 Patent and pursue any potential infringement at its sole discretion.

18. The 574 Patent was issued on February 10, 1998 and is entitled "Adjustable Self-Closing Hinge Assembly." A true and correct copy of the 574 Patent is attached hereto as Exhibit "F" and incorporated herein by reference.

19. Upon information and belief, Weldon is, without authority, manufacturing, offering to sell, and selling Weldon Part No. WI-122-BK, which infringes on the 574 Patent. An excerpt from Weldon's Ornamental Hardware Catalog that includes Weldon Part No. WI-122-BK is attached hereto as Exhibit "G" and incorporated herein by reference.

20. On April 10, 2015, Nationwide, through counsel, sent correspondence to Weldon requesting that it cease and desist from infringing on the 574 Patent. In response, Weldon did not contest that its product utilized the 574 Patent. To date, however, Weldon has not established any right to use the 574 Patent and, upon information and belief, continues to use the 574 Patent without authorization.

21. All conditions precedent to the relief sought herein have occurred or have been waived, met, or completed.

22. Nationwide has retained the services of undersigned counsel to represent it in this action and is obligated to pay its attorneys a reasonable fee for their services.

## COUNT I

### (False Marking – 35 U.S.C. § 292)

23. Nationwide realleges paragraphs 1 through 22 above as if set forth fully herein.

24. This a claim for false marking under 35 U.S.C. § 292.

25. Weldon's designations in its marketing materials that Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505, and WI-1022-16 have "patent pending" status are false.

26. Weldon's markings of the Weldon Part No. WI-60** series hinges with the "Patent D624388" designation are false.

27. Upon information and belief, Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505, and WI-1022-16 do not have patents pending.

28.     Upon information and belief, the Weldon Part No. WI-60** series hinges do not utilize the design subject of the 388 Patent and those designs are not otherwise patented.

29.     The false "patent pending" designations and the "Patent D624388" markings were made by Weldon with intent to deceive the public.

30.     As a result of Weldon's false marking of its products, Nationwide has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, damages and competitive injury.

WHEREFORE, Plaintiff, Nationwide Industries, Inc., respectfully requests that this Court grant permanent injunctive relief and damages against Defendant, Weldon Industries, Inc., award Plaintiff its reasonable attorneys' fees and costs incurred in this action, and grant such further relief as the Court deems appropriate.

## COUNT II

### (Violation of the Lanham Act – 15 U.S.C. § 1125(a))

31.     Nationwide realleges paragraphs 1 through 22 above as if set forth fully herein.

32.     This is a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

33.     Weldon's designations in its marketing materials that Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505, and WI-1022-16 have "patent pending" status are false and misleading.

34.     Weldon's markings of the Weldon Part No. WI-60** series hinges with the "Patent D624388" designation, which are also included in Weldon's marketing materials, are false and misleading.

35.     Weldon's false and misleading conduct associated with the marketing of its products has actually deceived customers or has had the tendency to deceive a substantial portion of the targeted audience.

36.     Weldon's false and misleading conduct associated with the marketing of its products is material and is likely to influence consumers' purchasing decisions.

37.     Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505 and WI-1022-16, and the Weldon Part No. WI-60** series hinges have traveled and are travelling in interstate commerce.

38.     As a result of Weldon's false and misleading conduct, Nationwide has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, damages and competitive injury.

WHEREFORE, Plaintiff, Nationwide Industries, Inc., respectfully requests that this Court grant injunctive relief and damages against Defendant, Weldon Industries, Inc., award Plaintiff its reasonable attorneys' fees and costs incurred in this action, and grant such further relief as the Court deems appropriate.

## COUNT III

### (Misleading Advertising - *Fla. Stat.* § 817.41.)

39.     Nationwide realleges paragraphs 1 through 22 above as if set forth fully herein.

40.     This is a claim for misleading advertising under *Fla. Stat.* § 817.41 (2014)

41.     Weldon's designations in its marketing materials that Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505, and WI-1022-16 have "patent pending" status are misrepresentations of material facts.

42.     Weldon's markings of the Weldon Part No. WI-60** series hinges with the "Patent D624388" designation, which are also included in Weldon's marketing materials, are misrepresentations of material fact.

43.     Weldon knew or should have known, and knows or should know, of the falsity of these representations.

44.     Weldon intended and intends that the misrepresentations induce consumers to rely on them.

45.     As a result of Weldon's misrepresentations, Nationwide has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, damages and competitive injury.

WHEREFORE, Plaintiff, Nationwide Industries, Inc., respectfully requests that this Court grant injunctive relief and damages against Defendant, Weldon Industries, Inc., award Plaintiff its reasonable attorneys' fees and costs incurred in this action, and grant such further relief as the Court deems appropriate.

## COUNT IV

### (Deceptive and Unfair Trade Practices - *Fla. Stat.* § 501.201, *et seq.*)

46.     Nationwide realleges paragraphs 1 through 22 above as if set forth fully herein.

47.     This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act under *Fla. Stat.* § 501.201 (2014).

48.     Weldon's designations in its marketing materials that Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505, and WI-1022-16 have "patent pending" status and markings of the Weldon Part No. WI-60** series hinges with the "Patent D624388" designation, which are also included in Weldon's marketing materials, constitute unfair and deceptive trade practices.

49.    As a result of Weldon's unfair and deceptive trade practices, Nationwide has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, damages and competitive injury.

WHEREFORE, Plaintiff, Nationwide Industries, Inc., respectfully requests that this Court grant injunctive relief and damages against Defendant, Weldon Industries, Inc., award Plaintiff its reasonable attorneys' fees and costs incurred in this action, and grant such further relief as the Court deems appropriate.

## COUNT V

### (Unfair Competition)

50.    Nationwide realleges paragraphs 1 through 22 above as if set forth fully herein.

51.    This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and common laws.

52.    Weldon's use in commerce of the designations in its marketing materials that Weldon Part Nos. WI-RGH-500, WI-RGH-501, WI-RGH-505, and WI-1022-16 have "patent pending" status and markings of the Weldon Part No. WI-60** series hinges with the "D624388" designation, which are also included in Weldon's marketing materials, constitute deceptive and/or fraudulent conduct, resulting in a likelihood of consumer confusion.

53.    Weldon's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

54.    As a result of Weldon's acts, Nationwide has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, damages and competitive injury.

WHEREFORE, Plaintiff, Nationwide Industries, Inc., respectfully requests that this Court grant injunctive relief and damages against Defendant, Weldon Industries, Inc., award Plaintiff its

reasonable attorneys' fees and costs incurred in this action, and grant such further relief as the Court deems appropriate.

## COUNT VI

### (Patent Infringement – 35 U.S.C. § 281)

55. Nationwide realleges paragraphs 1 through 22 above as if set forth fully herein.

56. This is a claim for patent infringement under 35 U.S.C. § 281.

57. The 574 Patent, entitled "Adjustable Self-Closing Hinging Assembly," was duly and legally issued to Frederick R. Schall by the United States Patent and Trademark Office on February 10, 1998, and subsequently assigned to Delair Group, LLC.

58. Pursuant to the License Agreement, Delair Group, LLC granted Nationwide an exclusive license to use and enforce the 574 Patent, including the exclusive right to pursue any potential infringement of the 574 Patent.

59. Upon information and belief, Weldon is, without authority, manufacturing, offering to sell, and selling Weldon Part No. WI-122-BK, which infringes on the 574 Patent.

60. As a result of Weldon's infringement of the 574 Patent, Nationwide has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and damages.

WHEREFORE, Plaintiff, Nationwide Industries, Inc., respectfully requests that this Court grant injunctive relief and damages against Defendant, Weldon Industries, Inc., award Plaintiff its reasonable attorneys' fees and costs incurred in this action, and grant such further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: June 23, 2015

s/ Paul D. Watson
Paul D. Watson
Florida Bar No. 957224
pwatson@sbwlegal.com
J. Carlton Mitchell
Florida Bar No. 495875
cmitchell@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 East Jackson St., Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
*Attorneys for Nationwide Technologies, Inc.*